**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **A.A.F.B.,** | : | |
| | : | |
| **Petitioner,** | : | **CASE NO:** |
| **v.** | : | **7:26-cv-245–WLS-AGH** |
| | : | |
| **Warden, IRWIN COUNTY DETENTION CENTER,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

# ORDER

Before the Court is *pro se* Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) ("Petition"). On September 21, 2026, Respondent filed a response in opposition to the petition (ECF No. 7). Respondent concedes that Petitioner is detained under 8 U.S.C. § 1226(a) and thus entitled to a bond hearing. Resp't Resp. 3, ECF No. 7. However, Respondent argues that the Petition should be denied because Petitioner did not request a bond hearing before an Immigration Judge ("IJ") before filing his Petition. *Id.* at 3-4.

Because Petitioner is detained under 8 U.S.C. § 1226(a), this case involves the same issues raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). In those cases, the Court concluded that for noncitizens "who are found in the country unlawfully and are arrested" without having been inspected by an examining immigration officer, then "an immigration officer or immigration judge has the discretion" under 8 U.S.C. § 1226(a) to grant them release on bond unless a statutory exception applies under 8 U.S.C. § 1226(c). *J.A.M.*, 2025 WL 3050094, at *3; P.R.S., 2025 WL 3269947, at *1-*2. Mandatory detention under 8 U.S.C. § 1225(b)(2) "is not authorized" in such cases. *P.R.S.*, 2025 WL 3269947, at *2. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr.*, 175 F.4th 1258, 1281 (11th Cir. 2026) (finding 8 U.S.C. § 1225(b)(2) only applies to those aliens "who have not yet entered the United States but are 'seeking admission' at the border").

As to exhaustion in a § 2241 proceeding, the Eleventh Circuit has stated:

> It is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding. Of course, *that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense*. The exhaustion requirement is still a requirement; it's just not a jurisdictional one. What its non-jurisdictional nature means is that a court need not inquire into exhaustion on its own. A court has the discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to *deny (not grant, of course, but deny)* the petition on the merits without reaching the exhaustion question.

*Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015) (modified). As noted above, Respondent objects to the Petition on the basis that Petitioner failed to exhaust his available remedies before an Immigration Judge. Based on *Santiago-Lugo* and Petitioner's failure to exhaust remedies before an Immigration Judge, the Court finds the Petitioner must first exhaust his available remedies by requesting a bond hearing before an Immigration Judge.

Accordingly, the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **DENIED WITHOUT PREJUDICE and DISMISSED**. In the interest of judicial efficiency and based upon the rationale of *J.A.M.* and *P.R.S.*, any bond hearing requested by Petitioner shall comport with all requirements of due process, including the requirement that the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk. *See J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020).

**SO ORDERED**, this 8th day of October 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**